```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Rosetta M. Leeper,              :

      Plaintiff,            :

  v.                            :      Case No. 2:08-cv-0727

Verizon Wireless, et al.,       :      JUDGE FROST

      Defendants.           :

REPORT AND RECOMMENDATION

On July 25, 2008, plaintiff Rosetta Leeper filed a complaint against Verizon Wireless, et al., and sought leave to proceed in forma pauperis. Based on Ms. Leeper's affidavit, the Court will grant the application to proceed in forma pauperis. However, for the following reasons, the Court will recommend that the complaint be dismissed for failure to state a claim.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also

Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

                                II.

In her complaint, Ms. Leeper asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., arising from the following allegations.  Ms. Leeper states that she is an African American female who worked for Verizon Wireless as a Financial Services Representative from July 18, 2005 until her termination on March 18, 2008.  According to Ms. Leeper, she also performed the duties of a Business Coordinator, a position that was considered a promotion from her Financial Services position.  Ms. Leeper asserts that she suffers from medical conditions and has work related injuries that affect her ability to perform certain job duties but that, with accommodations from Verizon, she was able to complete her job duties as expected.  Ms. Leeper contends that, despite her various limitations, she was able to perform substantially more activity than some of her colleagues.

Ms. Leeper states that the reason Verizon gave for her termination related to certain comments she had made.  However, Ms. Leeper asserts that male employees who do not suffer from medical conditions have made similar comments which did not result in any disciplinary action or termination.  Consequently, Ms. Leeper believes that her termination was a result of both her

medical conditions and her prior complaints to the Equal Employment Opportunity Commission (EEOC) about her treatment at Verizon.

Before filing a Title VII action in federal court, a plaintiff must exhaust available administrative remedies. Specifically, a plaintiff must timely file a charge of employment discrimination with the EEOC and receive and act upon the EEOC's right-to-sue letter. Gonzales v. Marysville School District/Board of Education, 2008 WL 2080784 at *1 (E.D. Mich. May 16, 2008) (citing Granderson v. University of Michigan, 211 F. Appx 398, 400 (6th Cir. December 12, 2006)). Similarly, claims brought under the ADA require exhaustion of administrative remedies and receipt of a right-to-sue letter prior to filing suit. Galloway v. Clermont County Dept. of Human Services, 2005 WL 1892389 at *2 (S.D. Ohio August 8, 2005) (citing Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299 (6th Cir. 2000)).

Here, there is no indication on the face of the complaint that Ms. Leeper has exhausted her administrative remedies. While Ms. Leeper does state that she filed a charge alleging discrimination with the EEOC in 2006, she does not allege that she filed any charge with respect to the claims she is pursuing in this case. Further, Ms. Leeper does not attach any right-to-sue letter from the EEOC relating to any of her current claims, nor does she allege that she received one. As a result, Ms. Leeper can prove no set of facts which would entitle her to relief under Title VII or the ADA.

Based on the foregoing, plaintiff's application to proceed in forma pauperis is granted. Further, it is recommended that the complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that

party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge