**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROSETTA LEEPER,**

       **Plaintiff,**                                      Case No. 2:08-CV-0727
                                                           JUDGE GREGORY L. FROST
     **v.**                                            Magistrate Judge Terence P. Kemp

**VERIZON WIRELESS, et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss, in Part, Plaintiff's Amended Complaint ("Defendants' Motion to Dismiss") (Doc. # 15) and Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum in Opposition") (Doc. # 18). For the reasons that follow, the Court **GRANTS** Defendants' motion to dismiss.

### I. BACKGROUND

Plaintiff, Rossetta Leeper, is a thirty-nine year old African-American female with an alleged disability. Plaintiff began employment with Defendant Verizon Wireless on July 18, 2005. Plaintiff alleges that Defendant Verizon Wireless and individual employees discriminated against her on the basis of her sex and disability and retaliated against her because of her past complaints about disability discrimination.

Plaintiff claims that after a shoulder surgery in 2006, she was on medical leave for six months. Plaintiff alleges that when she returned to work on June 6, 2006, she was written up and

given fifteen conduct based warnings that kept her from being promoted. As a result of this alleged behavior on behalf of Defendants, Plaintiff filed a complaint with the Ohio Civil Rights Commission on August 24, 2006, claiming disability discrimination. Plaintiff and Defendant Verizon Wireless agree that they entered a General Release and Settlement Agreement on March 27, 2007, and, as a result, on April 7, 2007, Plaintiff's occurrences were removed, and Plaintiff was promoted.

Plaintiff alleges that after the settlement, Defendants retaliated against her and harassed her by putting her on a ten hour shift for more than eight months and by not giving her an accommodation to allow for additional shoulder surgery. Plaintiff claims that she was forced to give Defendants access to her personal and confidential medical information and that even then Defendants did not honor her workplace accommodation requests. Plaintiff also alleges that she moved to another department to avoid the ten hour schedules and was given faulty computer equipment that resulted in lowered productivity, which in turn interfered with her ability to receive a bonus.

Additionally, Plaintiff alleges that supervisor Tracey Darovich harassed her by laughing at her with a co-worker named Monica and stating that Plaintiff looked glum. Plaintiff also alleges harassment by Darovich because she allegedly gave a written warning to Plaintiff for hanging up on a supervisor and for stating to a co-worker that an issue over which the two were arguing was "dumber than a box of rocks."

Plaintiff further alleges that Defendants have retaliated against her by issuing disciplines in the form of written warnings and also by terminating her on March 18, 2008. Plaintiff claims that Defendants told her the reason for her termination was because of a phone conversation she

had with other employees regarding taking applications connected to job-related matters. Plaintiff alleges that other male employees made similar comments and were not terminated. On April 11, 2008, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on these allegations and the EEOC issued Plaintiff a right to sue letter on May 22, 2008.

On July 25, 2008, Plaintiff filed suit against Verizon Wireless and many of its employees. On August 7, 2008, Magistrate Judge Terence P. Kemp recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim because she failed to attach her EEOC letter or allege that she had exhausted her administrative remedies. On August 11, 2008, Plaintiff filed an Amended Complaint and attached her EEOC right-to-sue letter. Plaintiff alleges in her Amended Complaint that Verizon Wireless and several individually named employees violated section Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 ("ADA").

## II. STANDARD INVOLVED

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court may grant relief. Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, a Court must construe the Amended Complaint in favor of Plaintiff, accept the factual allegations contained in the Amended Complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp., v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123,

2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### III. ANALYSIS

**A. Claims Against Individually Named Defendants**

Plaintiff names as defendants in her Complaint[1] and Amended Complaint Tony Yannone, Duane Wruble, Tracey Darovich, Jeremy McMahen, Suzanne Dager-Frey, and Anthony Marusic ("Individual Defendants").

In their motion to dismiss, Individual Defendants move to be dismissed as parties from this action. Individual Defendants argue that neither Title VII nor the ADA authorize a claim

---

[1] In this case, plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 953 F.2d 1106, 1110 (10th Cir. 1991)). Thus, although Plaintiff fails to specifically incorporate her Complaint as if fully rewritten in her Amended Complaint, the Court has nevertheless viewed the Complaint as if she had done so.

against Individual Defendants in their individual capacity. Individual Defendants cite extensive authority that states that Title VII and ADA claims cannot be brought against individual employees.

Plaintiff argues in Plaintiff's Memorandum in Opposition that Ohio Rev. Code § 4112.99 allows a supervisor or manager to be held jointly and or severally liable with his company for his part in the discriminatory conduct. Section 4112.99 states that "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief or any other appropriate relief." Ohio Rev. Code § 4112.99. The Ohio Supreme Court has held that individuals can be held liable under this statute. The Court stated, "Without a doubt, the language employed by the General Assembly . . . is much broader in scope than that employed by the analogous Title VII provision." *Genaro v. Cent Transp.*, 84 Ohio St.3d 293, 299 (Ohio 1999). However, the statute that Plaintiff cites relates to Ohio employment discrimination laws. As the Supreme Court made clear in *Genaro v. Cent Transport*, and as extensive other case law makes clear, individual defendants can only be held liable in their individual capacities under Ohio Employment Discrimination laws and not for Title VII or ADA claims against individual defendants.

Furthermore, a plaintiff cannot file an ADA claim against his or her supervisor because "individual supervisors may not be held liable under the ADA." *Gruener v. Ohio Cas. Co*, 416 F.Supp. 2d 592, 603 (S.D. Ohio 2005). Because these individually named defendants are no more than employees, they are not liable under Title VII or the ADA.

Even construing Plaintiff's Amended Complaint as true, Plaintiff's factual allegations against Individual Defendants fail to present plausible claims. *See Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Therefore, the Court **GRANTS** Defendants' Motion to Dismiss as it relates to these

claims against Individual Defendants.

**B. Prior Settlement**

Defendants argue in their motion to dismiss that the claims that Plaintiff alleges occurred before March 27, 2007, should be dismissed because they were released in a voluntarily and knowingly signed contractual release. Plaintiff admits in her Complaint and Amended Complaint that she signed said release, and the release itself bares her signature.

Releases entered into for employment-related discrimination claims are valid if knowingly and voluntarily exercised. *Toumany Sayon Sako v. Ohio Dep't of Admin. Servs*., 278 F. App'x 514, 517 (6th Cir. 2008). Plaintiff admits to signing the release and nowhere in Plaintiff's Complaint, Plaintiff's Amended Complaint, or Plaintiff's Memorandum in Opposition does Plaintiff allege that the release was not voluntarily and knowingly signed. Plaintiff admits in her Amended Complaint that she settled with Verizon Wireless and she attaches the settlement agreement to her Amended Complaint. Plaintiff signed the release which states in offset, bold, large font, "Please read and consider this agreement carefully before signing it. This agreement includes a release of all known and unknown claims." (Doc. # 4, Part 2, at 9).

Furthermore, a cause of action can be barred by a contractual release. *Washington v. Eaton Corp*., 25 F. App'x 373, 377 (6th Cir. 2002). As in the case before this Court, when a release is voluntarily and knowingly entered into, contractual releases of employment related discrimination claims are valid. *Sako*, 278 F. App'x at 517. Plaintiff executed a release in settlement of her August 2006 charge. It is clear that the release encompasses in part the claims Plaintiff now asserts against the Defendants. The release specifically states that Plaintiff:

> releases and discharges Verizon Wireless [and] its . . . current and former
> employees . . . from any and all charges, complaints, claims or liabilities . . . of any

6

> nature whatsoever, known or unknown, suspected or unsuspected, including, but
> not limited to, claims . . . arising out of alleged violations of . . . any federal, state,
> or other governmental statute, regulation or ordinance . . . claims under the
> Americans with Disabilities Act . . . [and] Title VII.

(Doc. # 4, Part 2, at 9). Because this release was knowingly and voluntarily signed, it is valid and Plaintiff is bound to the contract she entered into during settlement. The claims that Plaintiff alleges relating to harassment and discrimination that occurred before March 27, 2008, are barred because Plaintiff released these claims.

Even construing the factual allegations in Plaintiff's Amended Complaint as true, those allegations still fail to present plausible claims. *See Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Thus, Plaintiff's claims that arise out of or relate to incidents occurring prior to March 27, 2007, are barred because Plaintiff released those claims in a voluntarily and knowingly executed settlement and release agreement. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as it relates to claims occurring before or relating to incidents occurring before March 27, 2008.

**C. Exhaustion of Administrative Remedies**

Defendants request that this Court dismiss Plaintiff's claims that were not exhausted through the available administrative remedies or were not filed in an EEOC charge or grew out of an EEOC charge. Plaintiff does not respond to Defendants' arguments in Plaintiff's Memorandum in Opposition.

Federal courts do not have subject matter jurisdiction to hear Title VII claims if the claims were not included in the EEOC charge or the claims could not reasonably have been expected to grow out of the EEOC charge. *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001). Plaintiff's claims in her filed EEOC charge only relate to her termination and discipline.

She does not mention claims in her EEOC charge of co-worker harassment and absence of an accommodation. Although Plaintiff mentions in her Amended Complaint that she was not given a sufficiently accommodating work schedule, she did not file this claim with the EEOC. Plaintiff also alleges in her Amended Complaint that her co-workers laughed at her for looking "glum"; however, Plaintiff did not file this claim as a part of Plaintiff's EEOC report. Furthermore, failure to exhaust administrative remedies is an appropriate basis for the dismissal of a Title VII or ADA claim. *Williams v. Northwest Airlines*, 53 F. App'x 350, 351 (6th Cir. 2002). Here, Plaintiff failed to file these claims in her EEOC charge and thus failed to exhaust her administrative remedies as relating to these claims. As such, all claims that are not related to Plaintiff's warnings or termination are dismissed.

Even construing the factual allegations in Plaintiff's Amended Complaint as true, Plaintiff fails to present plausible claims. *See Bell Atlantic Corp.*, 127 S. Ct. At 1964-65. The claims that Plaintiff failed to include in her EEOC complaint have not been exhausted through administrative remedies. Plaintiff only stated claims relating to her termination or discipline in her EEOC complaint. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as it relates to Plaintiff's claims for accommodation and co-worker harassment claims that were not included in the EEOC charge.

**D. Workers' Compensation Retaliation**

Defendants argue that to the extent Plaintiff claims workers' compensation retaliation, that claim is time barred because Plaintiff failed to notify Defendants of their alleged violation. Plaintiff fails to respond to Defendants' argument that her claim is time barred.

To allege a claim for workers' compensation retaliation, Ohio Rev. Code § 4123.90 states

8

that a plaintiff must have informed her employer within a specified time period otherwise her claim is barred. The statute provides:

> The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.

Ohio Rev. Code § 4123.90.

Nowhere in Plaintiff's attorney's letter, in Plaintiff's settlement agreement, or in Plaintiff's EEOC form does Plaintiff allege that she has suffered workers' compensation retaliation. It was not until Plaintiff filed her Complaint in this action that she informed Defendants of her intent to sue for workers' compensation retaliation. Plaintiff's last claim of discrimination could be at the latest her date of termination in March 2008. However, she did not file until August 7, 2008, which well exceeds the ninety-day written requirement contained within Ohio Rev. Code § 4123.90.

This Court agrees with Defendant Verizon that Plaintiff has failed to assert a cognizable claim for retaliation. Any claim that Plaintiff has based on workers' compensation retaliation is time barred pursuant to Ohio Rev. Code § 4123.90. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as it relates to Plaintiff's workers' compensation retaliation claim.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss, and hereby **DISMISSES** Plaintiff's claims for Disability Accommodation, Co-Worker Harassment, and Workers' Compensation Retaliation, her claims against the individually named defendants, and her claims that occurred before or related to incidents that occurred before March 27, 2007.

9

Plaintiff's remaining claims are for discrimination based upon any post-March 27, 2007 discipline and upon her termination.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE