UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROSETTA LEEPER,
        Plaintiff,

v.

VERIZON WIRELESS, et al.,
        Defendants.

Case No. 2:08-CV-0727
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Motion to Overturn Opinion and Order to Dismiss in Part ("Plaintiff's Motion for Relief from Judgment") (Doc. # 36) and Plaintiff's Amended Motion to Overturn Opinion and Order to Dismiss in Part ("Plaintiff's Amended Motion for Relief from Judgment") (Doc. # 46). For the reasons that follow, the Court **DENIES** both motions.

### I. Background

Plaintiff alleges that Defendants terminated and otherwise discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 *et seq.* as amended ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§ 1211 *et seq.* ("ADA").

On December 8, 2008, Defendants filed their Motion to Dismiss, in Part, Plaintiff's Amended Complaint ("Motion To Dismiss"). (Doc. # 15.) On January 14, 2009, Plaintiff filed her response in opposition to Defendants' Motion to Dismiss. (Doc. # 18.) On March 3, 2009, the Court granted Defendants' Motion to Dismiss, thereby dismissing all of Plaintiff's claims other than her ADA and Title VII claims specifically related to her post-March 27, 2007

discipline and termination. (Doc. # 25.) In particular, this Court granted Defendants' Motion to Dismiss as it related to Plaintiff's (1) claims against the individually-named Defendants; (2) claims occurring before or relating to incidents occurring before March 27, 2007; (3) claims other than those related to her termination and discipline as alleged in her April 2008 Equal Employment Opportunity Charge of Discrimination; and (4) Plaintiff's workers' compensation retaliation claim.

On May 11, 2009, Plaintiff filed Plaintiff's Motion for Relief from Judgment (Doc. # 36) and on June 4, 2009, Defendants filed their memorandum in opposition to Plaintiff's motion (Doc. # 43). On June 17, 2009, Plaintiff filed Plaintiff's Amended Motion for Relief from Judgment. (Doc. # 46.) That motion is more in the nature of a reply memorandum, wherein Plaintiff replies to the arguments made by Defendants in their opposition memorandum.

## II. Standard

Although Plaintiff does not articulate any rule of law upon which she relies to request relief from judgment, the appropriate vehicle to provide the relief she requests is Fed. R. Civ. P. 60, which provides for relief from judgment is certain circumstances:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

2

Fed. R. Civ. P. 60(b).

To grant or deny a motion for relief from judgment under Fed. R. Civ. P. 60(b) is within the sound discretion of the trial court. *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citations omitted). "'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citations omitted).

### III. Analysis

In both of Plaintiff's motions for relief from judgment, Plaintiff makes four arguments, all of which fail to constitute justification for relief from this Court's previous Opinion and Order.

First, Plaintiff cites to a 2008 New Jersey Supreme Court decision regarding enforcement of a New Jersey discrimination statute as to individually-named defendants. This opinion is irrelevant to Plaintiff's federal law claims that are before this Court.

Second, Plaintiff argues that this Court should not have dismissed her claims that arose before March 27, 2007 because she was discriminated against and harassed after that date. Plaintiff appears to be confused. This Court did not dismiss the claims that arose after March 27, 2007. Thus, the alleged discrimination and harassment about which she complains has not been dismissed from this action.

Third, Plaintiff disagrees with this Court's conclusion that she failed to exhaust her available administrative remedies regarding her failure to accommodate and harassment claims. Plaintiff's disagreement does nothing to change this Court's conclusion that Plaintiff did indeed

fail to exhaust her administrative remedies with respect to those claims.

Fourth, Plaintiff argues that Defendants' attorney violated her professional conduct duties by incorrectly construing the complaint to include a claim for workers' compensation. The Court finds no improper conduct on defense counsel's part. Defense counsel merely construed the complaint, which is by no means the picture of clarity, to possibly include a claim that Plaintiff now argues she has not alleged. Counsel argued in Defendants' Motion to Dismiss that to the extent Plaintiff alleged a cause of action for workers' compensation, that claim failed to state a claim upon which relief could be granted. There is nothing improper about this conduct. Indeed, it was conscientious on counsel's part to interpret Plaintiff's *pro se* complaint broadly. *See* Fed. R. Civ. P. 8(a) (requiring only a short and plain statement of the claim showing that the pleader is entitled to relief); *see also Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (*pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers).

## IV. Conclusion

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Relief from Judgment (Doc. # 36) and **DENIES** Plaintiff's Amended Motion for Relief from Judgment (Doc. # 46).

**IT IS SO ORDERED.**

                                              **/s/ Gregory L. Frost**
                                              **GREGORY L. FROST**
                                              **UNITED STATES DISTRICT JUDGE**