UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROSETTA LEEPER,
   Plaintiff,        Case No. 2:08-CV-0727
              JUDGE GREGORY L. FROST
v.              Magistrate Judge Terence P. Kemp

VERIZON WIRELESS, et al.,
   Defendants.

**OPINION AND ORDER**

  This matter is before the Court for consideration of Plaintiff's Motion for Full Deposition Disclosure (Doc. # 80) and Defendants' Opposition to Plaintiff's Motion for Full Deposition Disclosure (Doc. # 82). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

**I. Background**

  On August 28, 2009, Defendant Verizon Wireless filed its motion for summary judgment. (Doc. # 65.) Defendant attached certain evidence in support of its motion, including approximately 147 pages of excerpts from Plaintiff's 444-page deposition.

  On September 9, 2009, Plaintiff Rosetta M. Leeper filed her response in opposition to Defendant's motion for summary judgment. (Doc. # 71.) Plaintiff attached numerous exhibits in support of her opposition memorandum.

  On October 29, 2009, Defendant filed its reply memorandum in support of its motion for summary judgment (Doc. # 72) and on November 2, 2009, Plaintiff filed a surreply (Doc. # 73). Plaintiff attached numerous exhibits in support of her surreply.

1

On December 16, 2009, this Court entered its Opinion and Order granting Defendant's motion for summary judgment. (Doc. # 75.) On December 30, 2009, Plaintiff filed a Notice of Appeal. (Doc. # 77.)

Plaintiff has now moved this Court to supplement the record on appeal with approximately 283 pages of Plaintiff's deposition testimony that were not before this Court at the time it rendered its Opinion and Order granting summary judgment in favor of Defendant.

## II. Standard

Plaintiff purportedly moves under Rule 32(a)(6) of the Federal Rules of Civil Procedure. However, Rule 32, by its express terms, applies to depositions used at a hearing or trial and is therefore not applicable here. Defendant correctly argues that Rule 10 of the Federal Rules of Appellate Procedure provides the vehicle to the relief that Plaintiff seeks. Pursuant to Appellate Rule 10, the record on appeal includes the original papers and exhibits filed in the district court, the transcript of the proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court. Fed. R. App. P. 10(a). Modification of the record is allowed by the district court in only two instances: (1) when the parties dispute whether the record actually discloses what occurred in the district court and (2) when a material matter is omitted or misstated by error or accident. *See* Fed. R. App. P. 10(e). The grounds for modification are limited because "the only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *Canaday v. Kelley*, No. 93-1860, 1994 WL 567512, at*11 (6th Cir. Oct. 14, 1994) (quoting *Jones v. Jackson Nat'l Life Ins. Co.*, 819 F. Supp. 1385, 1387 (W.D. Mich. 1993)).

### III. Analysis

Defendant argues that neither justification for supplementing the record provided for in Appellate Rule 10 applies here. This Court agrees.

First, the deposition pages that Plaintiff now seeks to introduce were not previously filed, and thus the record, in its current state, more accurately reflects what occurred in this Court. "It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review." *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986) (quoting J. Moore, Moore's Federal Practice ¶ 201.08(1) at 10-55 (2 ed. 1985), and citing cases). In particular, this Court is not authorized to "augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered." *See id.*

Second, this is not a case in which anything material was omitted or misstated by error or accident. Plaintiff makes no such claim, nor could she, because she had ample opportunity, and in fact was required, to provide specific evidence in support of her opposition to Defendant's motion for summary judgment. Nevertheless, Plaintiff chose not to submit any portion of her deposition among the approximate 186 pages of documents attached to her memorandum in opposition and to her surreply. For its part, Defendant submitted, in accordance with Fed. R. Civ. P. 5(d)(1) and Local Rule 7.2(e), only the essential portions of Plaintiff's three volume, 444 page deposition transcript referenced in its memorandum in support of its motion for summary judgment.

Consequently, Plaintiff is not entitled to supplement the record. *See Canaday*, 1994 WL

567512 at *12 (upholding district court's denial of motion to supplement the record where "all the pleadings and attachments filedin the district court were in the record and available for the court's review in connection with the appeal"); *see also Kirshner v. Uniden Corp.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (refusing to supplement the record with documents not filed with the district court); *John Hancock Mutual Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994) (same); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1423 (10th Cir. 1992) (same).

## IV.  Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Full Deposition Disclosure.  (Doc. # 80.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE